735 F.2d 378
 Harry H. BERG, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, United States Bureau of
Prisons, and L.G. Kincaid, Warden, Metropolitan
Correctional Center, Tucson, Arizona,
Respondents-Appellees.
 No. 83-2277.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 11, 1984.
Decided June 18, 1984.
 
 Harry H. Berg, for petitioner-appellant.
 Jon R. Cooper, Asst. U.S. Atty., Tucson, Ariz., for respondents-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before CHOY, PREGERSON, and CANBY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Berg, a federal prisoner, appeals pro se from the district court's denial of his petition under 28 U.S.C. Sec. 2241 (1982) for a writ of habeas corpus. He sought release on the grounds that, after revoking his parole, the Parole Commission incorrectly denied him credit for time served on an intervening state conviction, and that the Commission incorrectly computed his salient factor score for purposes of reparole. We affirm the district court's judgment.[1]
 
 FACTS
 
 2
 Berg was convicted by the district court of bank robbery and sentenced to seven years in federal prison. After serving 44 months, he was paroled in April, 1978. In March, 1979, Berg was convicted of bank robbery by the Washington state court, and sentenced to seven years in state prison. In May, 1979, the United States Parole Commission (the Commission) issued a warrant alleging a parole violation based upon the state conviction. In March, 1982, 36 months after the state conviction, the Commission held a parole revocation hearing while Berg was in state custody.
 
 
 3
 In May, 1982, the Commission notified Berg that his parole was revoked, that he would not receive credit on his sentence for time spent on parole, and that the unexpired portion of his federal sentence, 40 months, would commence upon his release from state custody. The Commission also notified Berg that his parole violation had been classified as new criminal conduct of very high severity which, taken together with his other convictions, earned him a salient factor score of three for the purpose of reparole under the Commission's guidelines.
 
 
 4
 After being paroled by the state in June, 1982, Berg was taken immediately into federal custody to serve the remaining 40 months of his federal sentence. Having exhausted his administrative remedies, Berg petitioned the district court under 28 U.S.C. Sec. 2241 for a writ of habeas corpus. The court denied his petition on July 19, 1983, and Berg filed this appeal.
 
 I. Credit for Time Served
 
 5
 Berg argues that he is entitled to 36 months credit for state time served because the Commission executed its warrant and held the revocation hearing while Berg was serving his state sentence. He bases his argument, in part, upon 28 C.F.R. Secs. 2.21(b)(3) and 2.47(d)(1).[2]
 
 
 6
 Berg's argument lacks merit. He confuses credit for purposes of reparole with credit for purposes of computing the time left on the original sentence. See Staege v. United States Parole Commission, 671 F.2d 266, 269 (8th Cir.1982). Taken together, sections 2.21(b)(3) and 2.47(d)(1) provide that a prisoner whose parole has been revoked for committing a new offense shall receive credit for time served on the new offense for purposes of reparole.
 
 
 7
 Although the parole violation warrant was issued in May, 1979, it was lodged pursuant to 28 C.F.R. Sec. 2.47(b)(1) as a detainer, and not executed until Berg was paroled by the state of Washington. Under the Commission's regulations, Berg's federal sentence did not begin to run again until he was released from confinement by the state. 28 C.F.R. Sec. 2.47(d)(2); see United States ex rel Del Genio v. United States Bureau of Prisons, 644 F.2d 585, 588 (7th Cir.1980), cert. denied, 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981). The Commission's issuance of the parole violation warrant did not cause Berg to accrue credit on his federal sentence while in state custody.[3]
 
 II. Salient Factor Score
 
 8
 Berg argues that the Commission incorrectly considered two unconstitutional prior convictions in giving him a salient factor score of three, and that his score should be a five.
 
 
 9
 Berg has offered no evidence to support his contention that his 1960 conviction for obtaining money under false pretences, and his 1963 conviction for vagrancy, were unconstitutional. Even if those convictions are disregarded, Berg has accumulated the four convictions and three incarcerations necessary to earn him a salient factor score of three. The Commission did not abuse its discretion or plainly err in determining his score. See Torres-Macias v. United States Parole Commission, 730 F.2d 1214 (9th Cir.1984). The district court therefore did not err in upholding the Commission's decision with regard to Berg's reparole.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This case is suitable for submission without oral argument because the result is clear
 
 
 [2]
 28 C.F.R. Sec. 2.21(b)(3): Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by Secs. 2.47(d) and 2.52(c) and (d)
 
 
 [28]
 C.F.R. Sec. 2.47(d)(1): A parole violator whose parole is revoked shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at Secs. 2.20 and 2.21
 
 
 [3]
 Berg also contends that he is entitled to credit because the Commission did not hold a timely revocation hearing. Although the 36 month delay between Berg's state imprisonment and his revocation hearing did violate Commission regulations, see 8 C.F.R. Sec. 2.47(b)(1)(i), Berg has alleged no facts showing that the delay was unreasonable or that it caused him prejudice. In this situation, Berg is entitled only to a writ of mandamus compelling compliance, see Sutherland v. McCall, 709 F.2d 730, 732 (D.C.Cir.1983), a remedy which is now moot because the required hearing has been held