873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norris Cummings REED, III, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 88-7235.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 10, 1989.
Decided: April 6, 1989.
 
 Thomas Courtland Manning (Purser, Cheshire, Parker, Hughes & Manning, on brief), for appellant.
 Sharon A. Gervasoni (Michael A. Stover, Acting General Counsel; U.S. Parole Commission; Margaret Person Currin, United States Attorney; Thomas P. Swaim, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Norris Cummings Reed III appeals from the order of the district court denying his petition for habeas corpus relief. His petition contends that the U.S. Parole Commission has incorrectly calculated the time remaining on his sentence. Finding no error in the lower court's dismissal of the petition, we affirm.
 
 I.
 
 2
 In 1974, Reed was sentenced to sixteen years on a federal bank robbery conviction. On February 26, 1982, he was released on parole; at this point, there were approximately 95 months remaining to be served on his sixteen-year sentence. On December 16, 1983, while on parole, he was arrested on new charges. Reed was eventually sentenced, effective August 4, 1984, to a five-year term for the interstate transportation of a stolen aircraft. The federal crime was committed while Reed was on parole from the bank robbery sentence.[1]
 
 
 3
 On March 18, 1986, the Parole Commission held a dual-purpose hearing (1) to consider Reed for parole on the stolen aircraft sentence and (2) to consider revocation of his parole from the bank robbery sentence. In a "Notice of Action" dated April 15, 1986, the Commission: (1) revoked the bank robbery parole; (2) denied credit against the bank robbery sentence for time spent on parole; (3) ordered that the unexpired portion of the sixteen-year bank robbery sentence would commence running upon his release from the stolen aircraft sentence; and (4) ordered that Reed would "continue to a presumptive parole after 78 months (June 15, 1990) on the violator term." A second "Notice of Action" was issued on November 19, 1987, by which the Commission granted a mandatory parole from the stolen aircraft sentence to commence on December 9, 1987. The district court dismissed Reed's habeas corpus petition on the ground that the Commission's calculations accorded with the regulations. This appeal followed.
 
 II.
 
 4
 On appeal, Reed contends that his "violator term" was, according to the terms of the first notice, only 78 months rather than 95 months. Regardless of whether the violator term is 78 or 95 months, he also contends that the remainder of the bank robbery sentence should have commenced running on December 16, 1983, rather than on December 9, 1987. Reed misconstrues what is meant by the term "parole violator term" and, consequently, his arguments fail.
 
 
 5
 The district court correctly determined that the length of Reed's "parole violator term" was the original sentence of sixteen years less time actually served through his release on parole on December 16, 1983. Staege v. United States Parole Commission, 671 F.2d 266, 269 (8th Cir.1982) (violator term is the "balance of the defendant's federal sentence"). This period is 95 months. The Parole Commission's discretion does not extend to affecting the length of the criminal sentence imposed by the court; however, certain carefully circumscribed powers have been granted to the Commission with regard to how much credit against the violator term may be granted. The basic thrust of Reed's argument on appeal is that the Commission ignored its own regulations in denying credit against Reed's violator term for the period between his arrest on December 16, 1983, through his parole from the stolen aircraft sentence on December 9, 1987. Reed's argument, however, is without merit.
 
 
 6
 To support his contention that he must be credited with the four-year period of incarceration on the new convictions, Reed points to 28 C.F.R. Sec. 2.47(e)(1) (1988):
 
 
 7
 A parole violator whose parole is revoked shall be given credit for all time in federal, state or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at Secs. 2.20 and 2.21.
 
 
 8
 The following subsection, however, makes it clear that credit must be given for purposes of the reparole guidelines but that it need not be considered in determining when the violator term actually commences running:
 
 
 9
 (2) However, it shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant of these rules, whichever comes first.
 
 
 10
 Additionally, 28 C.F.R. Sec. 2.21(c) provides that the counting of time served on a new sentence toward the reparole guidelines "does not affect the computation of the expiration date of the violator term." Inasmuch as Reed's calculations of the remaining time to be served on the bank robbery sentence are premised on his contention that the Commission was required to consider such sentence to have commenced running on December 16, 1983,[2] his argument falls. Reed confuses credit for purposes of reparole with credit for purposes of recomputing the time left on the original sentence. Berg v. United States Parole Commission, 735 F.2d 378, 379 (9th Cir.1984); Bowen v. United States Parole Commission, 805 F.2d 885, 888 (9th Cir.1986). The source of this confusion is the difference between the concepts of presumptive parole date and mandatory parole.
 
 
 11
 The Commission's jurisdiction over prisoners and parolees extends to the expiration date of the maximum sentence for which they were sentenced, 18 U.S.C. Sec. 4210(a) (1976). Parole decisions are discretionary, and the Commission has developed guidelines to promote a more consistent exercise of its authority. 28 C.F.R. Sec. 2.20(a). The guidelines were developed as a means of predicting a given prisoner's expected parole date based on both the severity of his crime(s) and on certain individual characteristics, e.g., age. By quantifying the offense and offender factors, the guidelines produce a range of months to guide the determination as to when a prisoner will be eligible for parole. In calculating this "presumptive parole date" in the context of a prisoner whose prior parole had been revoked on the basis of a new conviction and sentence, the regulations require that all time during which he was incarcerated on the new sentence(s) must be counted toward fulfilling the guideline period. In Reed's case, the guidelines produced a range of 64-78 months. Since he had been incarcerated on the state drug charges and/or the federal stolen aircraft charge since December 16, 1983, the presumptive parole date was established as 78 months from that date, i.e. to June 15, 1990. Release is contingent on certain affirmative findings by the Commission prior to this date. 28 C.F.R. Sec. 2.12(d).
 
 
 12
 Mandatory parole pertains to release after service of a portion of a sentence. Despite the inclusion of the four-year period (Dec. 1983 through Dec. 1987) for purposes of the guidelines calculation, Reed did not begin serving his 95-month violation term until he was released from the stolen aircraft sentence. Since this violator term exceeded five years, he is required to be released after two thirds of this time, i.e. 63 months, unless the Commission determines that there is a reasonable probability that Reed will commit another crime or that he frequently or seriously violated prison rules. 28 C.F.R. Sec. 2.53(a). Absent such findings, and assuming he is not reparoled sooner, Reed would receive his mandatory parole release on March 17, 1993. Reed's bank robbery sentence will expire on November 3, 1995.
 
 
 13
 Reed has received all the credit that is due. His arguments to the contrary are without merit and, accordingly, we affirm the order of the district court dismissing the petition for a writ of habeas corpus.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 During this period Reed also received and served a state sentence for narcotics crimes committed while on parole
 
 
 [2]
 Reed does not dispute that he must be denied credit against his bank robbery sentence for that time on parole prior to his arrest in 1983. See Harris v. Day, 649 F.2d 755, 758 (10th Cir.1981)