**Bill C. POYNOR, Petitioner–Appellant,**

v.

**U.S. PAROLE COMMISSION,**
**Respondent–Appellee.**

No. 88–2722.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1989.

Decided June 23, 1989.

Bill C. Poynor, Phoenix, Ariz., pro se.

Eugene R. Bracamonte, Asst. U.S. Atty., Tucson, Ariz., for respondent-appellee.

Before HUG, SCHROEDER and CANBY, Circuit Judges.

SCHROEDER, Circuit Judge:

William C. Poynor appeals the denial of his petition for habeas corpus. Poynor presently is serving lengthy state court sentences for aggravated assault and armed robbery. He was arrested on those charges while on federal parole and after a parole violator warrant had been issued on the basis of several alleged parole violations. He claims entitlement to habeas relief because, after the federal government lodged a detainer with state authorities, it failed to review that detainer within six months as required by 18 U.S.C. § 4214(b)(1) (1982). Poynor also argues that he is entitled to relief because the

Parole Commission conducted his parole revocation hearing 32 months after he was taken into state custody on the new charges, rather than within 24 months as required by the Commission's regulations, 28 C.F.R. § 2.47(b)(1)(B) (1986). We hold that Poynor is not entitled to relief on either contention.

The procedural background is as follows. On January 10, 1980, Poynor was released on parole from a sentence of twelve years in federal prison. The Parole Commission issued a parole violator warrant for Poynor on March 5, 1981, on a charge of failure to report a change in residence. The Commission added an additional parole violation charge of nine counts of armed robbery on March 25, 1981. On February 18, 1982 the parole violator warrant was placed as a detainer against Poynor with the Maricopa County, Arizona Sheriff's Office, which then had custody of Poynor on the new state criminal charges. On July 20, 1982, Poynor was sentenced in Maricopa County Superior Court to concurrent terms of fifteen years and eight years for aggravated assault and kidnapping. These charges were added as additional federal parole violation charges on March 7, 1983. On July 21, 1983, Poynor was convicted of seven counts of armed robbery in Orange County, California Superior Court and sentenced to eight years imprisonment on those charges.

The federal Parole Commission did not complete Poynor's dispositional review until September 26, 1983, eight and one-half months after the Parole Commission was notified that the parole violator warrant had been placed as a detainer against Poynor in Arizona. 18 U.S.C. § 4214(b)(1) provides that "[A detainer based on a new criminal conviction] shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement." 18 U.S.C. § 4214(b)(1) (1982).

While this court has not directly addressed the issue of whether a failure to provide a timely dispositional review of a detainer is a ground for habeas corpus relief, we have said that, in the absence of prejudice to the petitioner or bad faith on the part of the Parole Commission, delay in the conduct of a parole revocation hearing would be a ground for a writ of mandamus to compel compliance with the statute, but not a basis for accruing credit on the federal sentence. *See Berg v. United States Parole Commission,* 735 F.2d 378, 379 n. 3 (9th Cir.1984). Other circuits have held that delay in a dispositional review must be prejudicial or motivated by bad faith in order to justify habeas relief. *See Carlton v. Keohane,* 691 F.2d 992, 993 (11th Cir. 1982); *Sutherland v. McCall,* 709 F.2d 730, 732–33 (D.C.Cir.1983); *Heath v. United States Parole Commission,* 788 F.2d 85, 89–90 (2d Cir.), *cert. denied,* 479 U.S. 953, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986).

We see no reason to apply a less stringent standard when considering the availability of habeas relief for delay in conducting a dispositional review than the standard we have applied in the past for delays in parole revocation hearings. The former is, if anything, less significant than the latter, for a parole revocation hearing actually decides whether parole will be revoked, while a dispositional review only determines whether a detainer will remain lodged with state authorities, or will be withdrawn. *See Smith v. United States Parole Commission,* 875 F.2d 1361, 1368–69 (9th Cir.1988). As the Seventh Circuit has noted, granting habeas relief for delay in either case, without more, would be "very strong medicine, for it [would mean] that ... one who has been fairly determined to have violated his parole ... must go entirely free." *United States ex rel. Sims v. Sielaff,* 563 F.2d 821, 828–29 (7th Cir.1977).

■ We are persuaded that, to justify habeas corpus relief because of delay in the conduct of the dispositional review of a parole detainer, the petitioner should show that he was prejudiced by the delay. Here the petitioner has made no showing of prejudice as a result of the two and one-half months delay in the conduct of his dispositional review. Indeed, it is difficult to see how he could do so in this case, since the dispositional review merely determined whether or not the parole violator warrant would continue to stand as a detainer while

Poynor was still in the custody of state authorities, serving a lengthy sentence. The review could have had no immediate effect upon Poynor's liberty. *See Smith v. United States Parole Commission,* No. 86–2116, slip op. at 2631, 2650–52 (9th Cir. Mar. 21, 1989), amending 850 F.2d 500 (9th Cir.1988) (prisoner did not suffer prejudice as a result of denial of counsel for dispositional review because he would have remained in state custody even if the detainer had been withdrawn). Since the dispositional review has been conducted, petitioner is not entitled to any relief.

■ Poynor also contends that he was prejudiced by the Commission's failure to conduct his parole revocation hearing within 24 months of his beginning his state sentence as required by the Commission's own regulations as they existed in 1986. *See* 28 C.F.R. § 2.47 (1986). In order to show entitlement to habeas relief, Poynor must show that he was prejudiced by the delay. *See Berg v. United States Parole Commission,* 735 F.2d 378, 379 n. 3 (9th Cir.1984); *Hopper v. United States Parole Commission,* 702 F.2d 842, 845 (9th Cir. 1983).

Poynor argues that he was prejudiced by the delay in holding his parole revocation hearing. He claims that the delay prevented him from obtaining witnesses who would have testified in mitigation of his sentence. However, even assuming, arguendo, that loss of witnesses might constitute a form of prejudice justifying habeas relief, Poynor states that he was unable to obtain these witnesses because they had changed their address before February, 1984. Even if the hearing had been held in February, 1984, in accordance with the Parole Commission's regulations, Poynor would have been unable to locate the witnesses at that time. He was therefore not prejudiced by the additional eight month delay.

■ We need not reach the merits of Poynor's remaining claim that he was denied equal protection because of his inability to post bond on his state criminal charges. This issue was raised in a previous petition for writ of mandamus in *Poy-*

*nor v. U.S. Parole Commission,* No. CIV–85–429–PUC–ACM, and rejected on the merits by the district court. While that action was styled a petition for writ of mandamus, the district court treated it as a petition for habeas corpus relief. Under 28 U.S.C. § 2244(a)(1982), the same ground of relief presented in a prior application for habeas corpus relief need not be reexamined where the prior adjudication was on the merits and the ends of justice would not be served by reaching the merits of the subsequent petition. Poynor has made no showing that the ends of justice require that his equal protection claim be reexamined.

The district court is AFFIRMED.