972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward G. PETERSEN, Petitioner,
v.
UNITED STATES ATTORNEY GENERAL; Attorney General for the
State of California; Commissioner, United States
Parole Commission; Director, Federal
Bureau of Prisons, Respondents.
 No. 90-35099.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided Aug. 4, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Petersen (a.k.a. Ezra Petersen), a federal prisoner, appeals pro se the district court's dismissal of his habeas corpus petition. We AFFIRM.
 
 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 
 3
 On April 3, 1975, Petersen was sentenced by the United States District Court for the Western District of Washington to twenty years in prison for bank robbery. On October 3, 1979, Petersen was paroled and ordered to remain under parole supervision until January 26, 1995.
 
 
 4
 On January 13, 1980, Petersen was arrested in California and charged with a number of felonies. As a consequence, on January 14, 1980, the United States Parole Commission (the "Commission") issued a parole violation warrant with instructions to place a detainer and execute the warrant. On January 15, 1980, a detainer was placed against Petersen.
 
 
 5
 On September 10, 1981, Petersen was convicted in California of the following offenses: robbery, three counts of false imprisonment, possession of a sawed-off shotgun, and two counts of assault with a deadly weapon. On October 14, 1981, he was sentenced by the state court to eleven years and eight months in state prison, with instructions that the sentence be served concurrently with any other sentence defendant may be obligated to serve in federal or state institutions.
 
 
 6
 The Commission notified Petersen that it would review his detainer on the basis of his file record, informing him that he had a right to submit in writing his position on the disposition of the detainer. The record review was conducted on October 26, 1982, and Petersen was notified by a letter dated November 22, 1982, that his detainer would remain on file and that he would be provided a parole revocation hearing either upon his return to a federal institution or after twenty-four months in state confinement.
 
 
 7
 On January 6, 1983, while still in state custody, Petersen appeared for a dispositional revocation hearing. The Commission decided: (1) Petersen's parole was revoked and none of the time he spent on parole would be credited to him; (2) Petersen would be continued to presumptive reparole from his parole violator term on January 13, 1991, after serving 132 months; (3) the unexpired portion of Petersen's 1975 bank robbery sentence would commence either upon his release from state custody or upon his federal reparole to his state sentence whichever came first; and (4) Petersen owed fifteen years, three months, and thirteen days on the twenty-year sentence. Petersen unsuccessfully appealed the decision to the Commission on numerous occasions.
 
 
 8
 On June 4, 1987, Petersen was released from state custody, the federal parole violation warrant was executed, and Petersen was taken into federal custody. Petersen is currently incarcerated at the Washington State Penitentiary under the federal rent-a-cell program.
 
 
 9
 The district court rejected Petersen's Petition for Writ of Habeas Corpus in two decisions dated July 19, 1989, and November 16, 1989. On January 25, 1990, he timely filed his present appeal. Following the government's motion to dismiss for Petersen's failure to file an opening brief, on August 6, 1990, a motions panel of this court agreed to waive the requirement, requesting him instead to submit a list of issues he wished to have reviewed on appeal.
 
 STANDARD OF REVIEW
 
 10
 "We review denial of a habeas corpus decision de novo." Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988). "We may only review whether the Commission has acted outside its statutory authority or has committed a constitutional violation, but we may not review any decision involving the 'exercise of judgment among a range of possible choices.' " Id. (quoting Wallace v. Christiansen, 802 F.2d 1539, 1552 (9th Cir.1986) (en banc)). However, we do have jurisdiction "to review a claim that the parole guidelines or their application [by the Commission] violates the Constitution." Id.
 
 DISCUSSION
 
 11
 * Petersen first argues that the Commission failed to provide him with adequate disclosure of the consequences of a parole violation.
 
 
 12
 In Vanes v. United States Parole Comm'n, 741 F.2d 1197 (9th Cir.1984), this court held that due process requires that a parolee be informed of the possible consequences of charges in order to allow sufficient time to prepare a defense or to marshal evidence in mitigation. Id. at 1202. In the present case, Petersen received written notice that his state conviction would be at issue in the revocation hearing. In Bowen v. United States Parole Comm'n, this court held that such notice meets the standard of Vanes. 805 F.2d 885, 887 (9th Cir.1986). Therefore, Petersen received adequate notice.
 
 II
 
 13
 Petersen contends the Commission failed to disclose the material it relied on in arriving at its decision. The record reflects, however, that the Commission did in fact disclose to Petersen the material it relied on in its Notice of Action dated January 24, 1983. [CR Exhibit J.]
 
 
 14
 Due process requires an opportunity to be heard and notification of the decision rendered. Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991). Inmates are not entitled to all the evidence relied on by the Commission in reading a decision. Id. See also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 14-16 (1979).
 
 
 15
 Petersen received the notice to which he was entitled and his due process rights were observed.
 
 III
 
 16
 Petersen next argues the Commission acted beyond its statutory and regulatory authority by lodging a detainer against him before he was convicted in state court or before a parole determination was made under 28 C.F.R. §§ 2.46, 2.47, 2.48 and 2.24(a).
 
 
 17
 In Hopper v. United States Parole Comm'n, this court held that under 18 U.S.C. § 4214, a detainer is authorized where the violator has been convicted of an intervening crime. 702 F.2d 842, 847 (9th Cir.1983) (citing 18 U.S.C. § 4214(b)(1) and 28 C.F.R. § 2.47(6) (1982)). However, the court continued, "[n]othing in the statutes or regulations indicates whether the Commission may, or may not, issue a detainer after the intervening state arrest, but prior to the state conviction." Id. Without reaching the issue of whether the Commission lacked authority to lodge a detainer prior to conviction, the Hopper court, in effect, found harmless error. The court noted that if the Commission lacked authority to lodge the detainer, the parolee may be entitled to early preliminary probable cause and revocation hearings. Id. Acknowledging that Hopper did not receive timely hearings, the court continued that he would only be entitled to habeas relief if he demonstrated that the delay was unreasonable and prejudicial. Id. Because Hopper failed to show prejudice, the court held the statutory question moot. Id.
 
 
 18
 Petersen argues that, unlike the parolee in Hopper who had not been prejudiced, Petersen was prejudiced because the detainer caused him to be unfairly incarcerated by the state while he was awaiting trial. He claims that the state court set bail for him at $150,000, while his codefendant charged with the same crime had bail set at $60,000. He continues that because he was indigent he was unable to post such a high bond. Prejudice to Petersen cannot be determined from these facts. We have no way of knowing what factors unrelated to the detainer led to the state court's bail determination. Moreover, Petersen admits that he was indigent. Thus, the California authorities might have held him not solely because of the federal detainer, but because of his inability to post bail. See id.
 
 
 19
 Like Hopper, we find a determination of whether the Commission lacked authority to issue the detainer prior to arrest is irrelevant. Even if Petersen had been deprived of a statutory right to receive timely preliminary and revocation hearings, Petersen fails to demonstrate that the delay was prejudicial. See id.
 
 IV
 
 20
 Petersen argues he was deprived of his right to due process because his parole hearing was untimely.
 
 
 21
 The law applicable at the time of the events in question is as follows: where a parolee has been convicted of a criminal offense subsequent to release of parole and is serving a new sentence in a state institution, the Commission must conduct a review of the warrant within 180 days of notification to the Commission of placement (18 U.S.C. § 4214(b)(1); 28 C.F.R. § 2.47(a)(2) (1980)) and, if the warrant stands, a revocation hearing upon return to a federal institution or upon completion of eighteen months in confinement on the new term, whichever comes first (28 C.F.R. § 2.47(a)(2)(i) (1980)).
 
 
 22
 a. Warrant Review
 
 
 23
 The Commission received notification of Petersen's placement in state prison on October 27, 1981 [CR Exhibit E], and conducted a review of the warrant on October 26, 1982 [CR Exhibit I]. The warrant review was conducted after the 180-day limit and was, therefore, untimely.
 
 
 24
 "[T]o justify habeas corpus relief because of delay in the conduct of the dispositional review of a parole detainer, the petitioner should show that he was prejudiced by the delay." Poynor v. United States Parole Comm'n, 878 F.2d 275, 276 (9th Cir.1989). The Poyner court, adopting the rationale articulated by the Seventh Circuit, noted that granting habeas relief for a delay in a dispositional review, without more, would be " 'very strong medicine, for it [would mean] that ... one who has been fairly determined to have violated his parole ... must go entirely free.' " Id. (quoting United States ex rel. Sims v. Sielaff, 563 F.2d 821, 828-29 (7th Cir.1977) (brackets in original)).
 
 
 25
 In the present case, Petersen makes no showing of prejudice as the result of the six month delay in the conduct of his dispositional review. Like the Poynor court, we find it difficult to see how Petersen could be prejudiced because "the dispositional review merely determined whether or not the parole violator warrant would continue to stand as a detainer while [Petersen] was still in the custody of the state authorities, serving a lengthy sentence. The review could have had no immediate effect upon [Petersen's] liberty." Id. at 276-77.
 
 
 26
 b. Parole Hearing
 
 
 27
 Petersen was incarcerated in state prison on September 15, 1981, and Commission conducted a parole hearing on January 6, 1983. The parole hearing was within the eighteen-month time limit and was, therefore, timely.
 
 V
 
 28
 Finally, Petersen seeks credit on the federal sentence he has currently resumed serving, for time incarcerated under the intervening state sentence. Despite the state court's express instructions that the sentence be served concurrently with any other sentence defendant may be obligated to serve in Federal or state institutions, the Commission credited the time Petersen served in state prison toward his reparole date, but not toward his federal violator term.
 
 
 29
 Petersen argues that the Commission's failure to credit his federal sentence: (1) violated statutory regulations governing concurrent terms; and (2) violated the state court's order that the sentences run concurrently.
 
 
 30
 a. Statutory Provisions
 
 
 31
 Congress expressly granted jurisdiction to the Commission to determine "whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." 18 U.S.C. § 4210(b)(2). Thus, the Commission's decision to not credit Petersen's federal violator time is clearly authorized.
 
 
 32
 Petersen's request for a federal credit would, in effect, require this court to overturn the Commission's decision in this case. "The scope of judicial review of the Commission's parole decision ... is exceedingly narrow." Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987). "If the Commission's decision involves the exercise of judgment among a range of possible choices or options, it is unreviewable." Id. (internal quotations omitted). The Commission's decision to deny concurrent sentences was discretionary, see 18 U.S.C. § 4210(b)(2), and was based on "a review of all the relevant factors and information presented," see Exhibit L. Therefore, the decision is unreviewable.
 
 
 33
 b. Regulatory Provisions
 
 
 34
 28 C.F.R. § 2.21(c) provides that time served on a new state sentence shall only be counted as time in custody for reparole guideline purposes, not for the computation of the expiration date of the violator term. See Bowen, 805 F.2d at 887 (interpreting 28 C.F.R. § 2.21(b)(3), the identically worded predecessor to § 2.21(c)). Thus, the Commission acted in accordance with § 2.21(c) by crediting the time Petersen served in state prison toward his reparole date, but not toward his federal violator term.
 
 
 35
 c. The State Court's Order
 
 
 36
 The Second and Fifth Circuits have held that the Commission is not obligated to follow the concurrent sentence recommendations of state sentencing courts. See Heath v. United States Parole Comm'n, 788 F.2d 85, 92 (2d Cir.), cert. denied, 479 U.S. 953 (1986); Saulsbury v. United States, 591 F.2d 1028 (5th Cir.), cert. denied, 444 U.S. 857 (1979). In light of the Commission's clear jurisdiction, and in deference to principles of dual sovereignty, we conclude that the state court does not have controlling jurisdiction in this matter.
 
 
 37
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3