USCA1 Opinion

 

 November 20, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1103  DALE TUTTLE, Petitioner, Appellant, v. U.S. PAROLE COMMISSION, ET AL., Respondents, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Dale Tuttle on brief pro se. ___________ Donald K. Stern, United States Attorney, and David S. Mackey, ________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Pro se appellant Dale Tuttle, who is __________ ___ __ imprisoned in Massachusetts on an armed robbery conviction, appeals from the district court's dismissal of his habeas petition. We affirm. Tuttle committed the robbery for which he is presently confined while on federal parole. Accordingly, the United States Parole Commission issued a warrant for his arrest, but placed it as a detainer against him in Massachusetts. In his habeas petition, Tuttle sought removal of the detainer, alleging that the Commission had not held a parole revocation hearing or conducted timely dispositional review of the detainer. Both parties agree that, in order to obtain habeas relief, Tuttle must show that the Commission's alleged delay has prejudiced him. Tuttle argues that he has been prejudiced because mitigating evidence that might have induced the Commission to permit his continued release on parole despite the parole violation has been lost during the period of delay. For purposes of this opinion, we assume, but do not decide, that the loss of mitigating evidence relevant to a parole revocation hearing or dispositional review would constitute prejudice.1 See United States v. Williams, 558 F.2d 224, ___ _____________ ________  ____________________ 1. A few courts have also suggested that due process rights may be implicated if delay in executing a warrant lodged as a detainer might result in the loss of mitigating evidence relevant to the decision to revoke parole. See United States ___ _____________ v. Williams, 558 F.2d 224, 227 (5th Cir. 1977); U.S. ex rel. ________ ____________ -3- 227 (5th Cir. 1977) ("even if [a parolee] admits the [parole] violation, he may be prejudiced if delay has impaired his ability to present evidence of mitigating circumstances that might affect the decision to incarcerate him"). But, because Tuttle's claims of prejudice are conclusory in critical respects or otherwise unpersuasive, habeas relief was not warranted, nor was an evidentiary hearing. See McDonald v. ___ ________ New Mexico Parole Board, 955 F.2d 631, 634 (10th Cir. 1991) _______________________ (dismissal of habeas petition asserting delay in executing a warrant was justified in part because petitioner's allegations of prejudice were conclusory), cert. denied, 504 ____________ U.S. 920 (1992). Tuttle claims that his probation officers no longer remember his good conduct while on parole, but he proffers no confirming statement by those officers and does not state that they are unavailable to provide such statements. He also alleges that he cannot show his continuous employment while on parole, because "over the years" his employers have moved away or gone out of business. Even if true, this fact would not show prejudice. Tuttle identifies only one employer, but he gives no details why witnesses or records  ____________________ Caruso v. U.S. Board of Parole, 570 F.2d 1150, 1154 (3d Cir. ______ _____________________ 1978). Ordinarily, a parole revocation hearing need not be held until the warrant is executed. See Moody v. Daggett, ___ _____ _______ 429 U.S. 78, 89 (1976). In view of our disposition herein, we need not address the question raised in Williams and ________ Caruso. ______ -4- from that employer are unavailable, and he does not state when they became unavailable. See Poynor v. U.S. Parole ___ ______ ___________ Comm'n, 878 F.2d 275, 277 (9th Cir. 1989) (to constitute ______ prejudice, the mitigating evidence must have been lost during the period of delay by the Commission). Finally, Tuttle alleges that his girlfriend, who died in 1990, could have testified to certain facts supporting Tuttle's allegation that he committed the robbery in order to help her pay her medical costs. Tuttle does not say that she did not have the money for treatment. The loss of his girlfriend's testimony was not prejudicial. Tuttle mentions that there are "other witnesses" who could also attest to these "facts" but with whom he has "lost touch." He does not say when he fell out of contact with these witnesses or whether he ever attempted to reach them. Affirmed. ________ -5-