**John Paul THOMAS, Plaintiff,**

v.

**Robert HERNANDEZ, Board of Prison Terms Unknown Deputy Commissioner, Defendants.**

**Civil No. 07–1141–WVG.**

United States District Court, S.D. California.

Sept. 13, 2010.

John Paul Thomas, Lincoln, NE, pro se.

Attorney General, State of California Office of the Attorney General, Terrence F. Sheehy, Department of Justice, San Diego, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WILLIAM V. GALLO, United States Magistrate Judge.

John Paul Thomas (hereafter "Plaintiff"), an inmate proceeding *pro se* and *in forma pauperis,* filed a Complaint pursuant to 42 U.S.C. § 1983 (hereafter "Complaint") claiming that his civil rights were violated in March 2007, when he was housed at the Richard J. Donovan Correctional Facility. He sues Defendants Robert Hernandez and Board of Prison Terms Unknown Deputy (hereafter "Defendant Hernandez," "Defendant Unknown Deputy," or collectively "Defendants"), in their official and individual capacities, and seeks injunctive relief, compensatory damages, and punitive damages. Defendants have filed a Motion to Dismiss the Complaint. Plaintiff has filed an Opposition to the Motion. In Plaintiff's Complaint, Plaintiff consented to have the undersigned conduct all proceedings in this case, including trial and the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Pro. 73. On April 16, 2010, Defendants also so stipulated. The Court, having reviewed the Complaint, Opposition, the exhibits attached thereto, and GOOD CAUSE APPEARING, HEREBY GRANTS Defendants' Motion to Dismiss.

I

### *FACTUAL ALLEGATIONS*

On December 16, 2006, Plaintiff was served with a notice of an institutional disciplinary hearing, CDC Serious Rule Violation Report form 115 (hereafter "RVR"). The RVR alleged that Plaintiff committed a battery on a peace officer. (Complaint at 3).

On January 10, 2007, Plaintiff was informed that the Board of Prison Terms (hereafter "BPT"), gave him an "in house parole violation," or a "parole revocation extension," because of the RVR. (Complaint at 3). On that same day, Plaintiff signed a BPT form entitled, "Notice of Rights/Acknowledgment of Parole Revocation Extension Proceedings," which started a thirty-five calendar day time limit to hold his final parole revocation hearing. (Complaint at 3).

On February 14, 2007, the time limit expired. After the time limit expired, Plaintiff wrote a letter to Defendant Hernandez that explained to Hernandez that Hernandez must dismiss the charges and drop the "parole hold" against him. Thereafter, Plaintiff received from Hernandez a letter of denial. (Complaint at 3).

On March 15, 2007, Plaintiff had his parole revocation extension hearing. At the hearing, Plaintiff's representative explained that Plaintiff's parole revocation extension hearing had to be dropped because the BPT allowed the thirty-five day deadline to lapse. Defendant Unknown Deputy responded that it would not matter because Plaintiff would still be in prison. (Complaint at 3). Plaintiff explained that the allegations of battery in the RVR were false and provided two witness statements to corroborate his version of the events. He claims that he did not assault a peace officer. Rather, the peace officer assaulted him. (Complaint at 4, 5). Plaintiff requested that the written statements be returned to him. The BPT told Plaintiff that it would return the statements to him by mail. Plaintiff claims that the statements were not returned to him. (Complaint at 5).

At the hearing, Plaintiff was found guilty of the Rule Violation and was given an additional 110 day sentence. (Complaint at 3, 4). Plaintiff claims that he requested final written documentation of the hearing, but Defendant Hernandez has not provided it to him. (Complaint at 4).

On May 10, 2007, Plaintiff filed a Petition for Writ of Habeas Corpus in the Superior Court. The Petition claimed that the result of the parole revocation hearing violated his constitutional rights. The Petition was denied because, as Plaintiff alleges, he failed to provide the court with the necessary documentation of the parole revocation hearing. Plaintiff alleges that the documentation to which the court referred was the final written documentation of the parole revocation hearing that was never given to him despite his request to receive it. (Complaint at 4).

Further, Plaintiff alleges that he needs the two above-noted written statements about how he was assaulted by a prison correctional officer in order to pursue a separate lawsuit regarding the assault. (Complaint at 5).

## II

### PLAINTIFF'S CLAIMS

Plaintiff claims the following:

(1) His right to due process was violated because his parole revocation hearing was held after the expiration of the 35–day period to hold the hearing; and

(2) His right to due process was violated because Defendants denied him access to the courts.

Defendants' Motion asserts:

(1) The Court does not have subject matter jurisdiction over Plaintiff's claim regarding his parole revocation hearing; and

(2) Plaintiff's access to the courts claim should be dismissed because Plaintiff attempted to advance a frivolous claim; Plaintiff was not precluded from filing a lawsuit for assault against a correctional officer; and Plaintiff, in fact, filed the lawsuit for assault against the correctional officer.

## III

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct.

2197, 2200, 167 L.Ed.2d 1081 (2007). Dismissal of a claim is appropriate only where the complaint lacks a cognizable theory. *Bell Atlantic,* 550 U.S. at 553–565, 127 S.Ct. 1955. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *N.L. Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986); *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). The court does not look at whether the plaintiff will "ultimately prevail." *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

"If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Roth v. Garcia Marquez,* 942 F.2d 617, 625 n. 1 (1991) [quoting *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987) ]. "[W]hen the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." *Roth,* 942 F.2d at 625 n. 1 [citing *Ott v. Home Savings & Loan Ass'n,* 265 F.2d 643, 646 n. 1 (9th Cir.1958) ].

"The focus of any Rule 12(b)(6) dismissal ... is the complaint." *Schneider v. California Dep't of Corrections,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998). Thus, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. *Id.* This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(6). *Id.* (citing *Harrell v. United States,* 13 F.3d 232, 236 (7th Cir.1993); 2 *Moore's Federal Practice,* § 12.34[2] (Matthew Bender 3d ed.) ["The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).") ].

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct deprived the plaintiff of a constitutional right. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir.2003); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). Vicarious liability does not exist under § 1983. *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002) (citations omitted). To hold a person "liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Id.* A supervisory official may be liable only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991). Causation may be established only by showing that the supervisor set in motion a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict the injury. *Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998).

Where a plaintiff appears *in propria persona* in a civil rights case, the Court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988); *Bretz v. Kelman,* 773 F.2d 1026, 1027, n. 1 (9th Cir.1985) (en banc). The rule of liberal construction is

"particularly important in civil rights cases." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."). In giving liberal interpretation to a pro se civil rights complaint, however, a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.; see also Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."). Thus, at a minimum, even the pro se plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Community Redevelopment Agency,* 733 F.2d 646, 649 (9th Cir.1984).

"Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." *Unite Here Int'l Union v. Pala Band of Mission Indians,* 583 F.Supp.2d 1190, 1194 (S.D.Cal. 2008) [citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989) ]. In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to consider evidence regarding jurisdiction, and may resolve factual disputes when necessary. *Unite Here,* 583 F.Supp.2d at 1194 [citing *Thornhill Publishing v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979) ]. In such circumstances, presumptive truthfulness does not attach to a plaintiff's allegations and the existence of disputed material facts does not preclude the court from evaluating the merits of the jurisdictional claim. *Unite Here,* 583 F.Supp.2d at 1194–1195 (citing *Thornhill,* 594 F.2d at 733).

## IV

## THE COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S PAROLE REVOCATION CLAIM

■ Plaintiff claims that his due process rights were violated because his parole revocation hearing was not held within 35 days of receiving and signing the parole revocation notice. Defendants argue that the Court lacks jurisdiction over Plaintiff's claim.

On January 10, 2007, Plaintiff received and signed the parole revocation notice. On March 15, 2007, the BPT held Plaintiff's parole revocation hearing. At the hearing, Plaintiff was found guilty of a Rules Violation and was given an additional 110 day sentence.

Although it is not clear from Plaintiff's Complaint, Plaintiff appears to allege that he is a member of a class of inmates governed by the remedial Order of Permanent Injunction filed in *Valdivia v. Schwarzenegger,* No. S–94–0671 LKK/GGH (E.D.Cal. March 9, 2004) (hereafter *"Valdivia Order"* ). In *Valdivia,* the court certified a class which consists of the following persons: (1) California parolees who are at large; (2) California parolees in custody as alleged parole violators, and who are awaiting revocation of their state parole; and (3) California parolees who are in custody having been found in violation of parole and sentenced to prison custody. (*Valdivia* Order at 1).

Further, the *Valdivia* Order states: "For all parolees who do not waive or seek

a continuance of a final revocation hearing, Defendants shall provide a final revocation hearing on or before the 35th calendar day after the placement of the parole hold." [*Valdivia Order* at 4, 6, Sections IV.11(b)(iv) and 23] (attached to Defendant's Memorandum of Points and Authorities is Support of Motion to Dismiss, Exh. A).[1]

Here, Plaintiff appears to be a member of the class in that he is in custody and has been found in violation of parole and sentenced to prison custody. Therefore, the requirements of the *Valdivia Order* appear to apply to him. For purposes of this Order, the Court will so assume.

The Court lacks subject matter jurisdiction over Plaintiff's parole revocation claim because the *Valdivia* court expressly retained jurisdiction over such claims. (*Valdivia Order* at 7, Section VII. 28.). *Brown v. Cate,* 2009 WL 1858119 at *5 (E.D.Cal. June 29, 2009); *Soto v. Board of Prison Term,* 2007 WL 2947573 at *2 (E.D.Cal. October 9, 2007). Therefore, Plaintiff must seek the relief requested in his parole revocation claim in the Court that issued the *Valdivia* Order.

■ Further, a remedial order, standing alone can not form the basis of liability under 42 U.S.C. § 1983. *Green v. McKaskle,* 788 F.2d 1116, 1123 (5th Cir.1986). Moreover, in order to state a claim that failure to hold a timely parole revocation hearing violated a plaintiff's constitutional rights, a plaintiff must show that the delay in holding the parole revocation hearing was both unreasonable and prejudiced his rights. *Hopper v. U.S. Parole Commission,* 702 F.2d 842, 845 (9th Cir.1983).

In *Poynor v. U.S. Parole Commission,* 878 F.2d 275, 277 (9th Cir.1989), a plaintiff inmate parolee alleged in a petition for writ of habeas corpus that he was entitled to relief because he suffered an eight month delay in having his parole revocation hearing. The court reiterated that an inmate-parolee who makes a claim that his parole revocation hearing was untimely must show prejudice before relief can be granted.

Here, Plaintiff's Complaint refers to the reporting correctional officer's statements at the March 15, 2007 parole revocation hearing, that the correctional officer "could not remember due to the time lapse." (Complaint at 4). Plaintiff argues that had the parole revocation hearing been timely held, the correctional officer would have remembered and the correctional officer's testimony would have been crucial to his defense at the parole revocation hearing.

■ As previously noted, on January 10, 2007, Plaintiff signed the BPT's Notice of Rights/Acknowledgment of Parole Revocation Proceedings. On March 15, 2007, the parole revocation hearing was held. 64 days elapsed between January 10, 2007 and March 15, 2007. Therefore, Plaintiff's parole revocation hearing was delayed for 29 days after the day Plaintiff claims it should have been held, (64–35 = 29), presumably pursuant to the *Valdivia Order.*

Plaintiff's allegation about what the correctional officer could not remember is unclear. Nevertheless, he assumes that had the correctional officer been able to remember, his testimony at the parole revocation hearing would have supported Plaintiff's version of the events and the BPT would have believed him. Plaintiff's assertions in these regards are mere speculation. Therefore, the Court can not conclude that if the correctional officer re-

---

**1.** The Court takes judicial notice of the *Valdivia Order* pursuant to Fed. Rule of Evid. 201, and *Unite Here,* 583 F.Supp.2d at 1194–1195.

membered unspecified facts and circumstances, he would have testified in support of Plaintiff and that the BPT would have believed him. Further, the Court finds it unlikely that the correctional officer's memory would have been different prior to the 29 day delay in holding the parole revocation hearing. Accordingly, Plaintiff has failed to show that he was prejudiced in this regard. Further, Plaintiff does not assert any facts to show that the 29 day delay was unreasonable under the circumstances.

As a result, the Court GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction and alternatively for Plaintiff's failure to show that the 29 day delay in holding his parole revocation hearing was unreasonable, or that he was prejudiced because of the delay.

To the extent that Plaintiff claims that he is not a member of the class in *Valdivia*, and he does not bring his claim for the untimely parole revocation hearing pursuant to *Valdivia*, he is given leave of court to file an Amended Complaint.

## V

### PLAINTIFF FAILS TO STATE A CLAIM FOR DENIAL OF ACCESS TO THE COURTS

Plaintiff claims that he was denied access to the courts because Defendant Unknown Deputy failed to return to him the "final written documentation" of his parole revocation hearing. He asserts that his failure to present the "final written documentation" of the parole revocation hearing to the California Superior Court caused it to deny his Petition for Writ of Habeas Corpus. Further, Plaintiff claims that since the BPT did not return to him

the two written witness statements that he presented at the parole revocation hearing, his "right to file a lawsuit against the assault has been extremely delayed/hindered to the point of denial of access to the courts." (Complaint at 4), and that "without these written statements, (he has) been denied the ability to begin writing up my complaint and form my legal strategy." (Complaint at 5). Defendants argue that Plaintiff's claim should be dismissed because his Petition for Writ of Habeas Corpus was frivolous. Defendants also argue that their actions did not prevent Plaintiff from filing a lawsuit for assault against a correctional officer, and in fact, Plaintiff filed the lawsuit for assault against the correctional officer.

■ Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "(A)ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Id.* at 384, 116 S.Ct. 2174.

■■ When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss [2] of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007), citing *Christopher v. Harbury*, 536 U.S. 403, 413–414, 122 S.Ct. 2179, 153

---

**2.** "Loss" in this context means that a plaintiff was unable to file his claim due to circum- stances beyond his control.

L.Ed.2d 413 (2002), overruled on other grounds, *Hust v. Phillips,* —— U.S. ——, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009). The right of access to the courts ensures that a complaint for violation of civil rights or a petition for writ of habeas corpus filed by a person in custody will reach the court for consideration. Once a claim reaches a court, a person in custody is in the same position as a person who is not in custody, to file a civil rights complaint or a petition for writ of habeas corpus. *Cornett v. Donovan,* 51 F.3d 894, 899 (9th Cir.1995), citing *Hooks v. Wainwright,* 775 F.2d 1433, 1436 (11th Cir.1985), *cert. denied* 479 U.S. 913, 107 S.Ct. 313, 93 L.Ed.2d 287 (1986).

### 1. *Denial of Petition for Writ of Habeas Corpus*

■ Plaintiff claims that Defendant Unknown Deputy's failure to provide him "final written documentation" of his parole revocation hearing caused the California Superior Court to deny his Petition for Writ of Habeas Corpus.

As noted above, in order to state a claim for denial of access to the courts, Plaintiff must allege the loss of a non-frivolous or arguable underlying claim. Here, Plaintiff claims that the Superior Court denied his Petition for Writ of Habeas Corpus due to his failure to provide the court with the necessary documentation to support his Petition. However, Plaintiff *filed* the Petition for Writ of Habeas Corpus in the California Superior Court. Therefore, the Petition for Writ of Habeas Corpus reached the court for consideration and the court considered the Petition. As a result, Plaintiff did not lose his claim, or present facts to suggest that he was unable to file his claim due top circumstances beyond his control.

Further, as previously noted, in order for Plaintiff to maintain a claim for denial of access to the courts with regard to his untimely parole revocation hearing, he must allege that the delay in holding the parole revocation hearing was unreasonable and prejudiced his rights. *Hopper, supra* at 845; *Poynor, supra* at 277. The Court has already concluded that Plaintiff's Complaint fails to indicate any facts to suggest that the parole revocation hearing delay was unreasonable or that the delay prejudiced his rights. Therefore, the relief sought by Plaintiff in his Petition for Writ of Habeas Corpus was unavailable. *Hopper, supra* at 845; *Poynor, supra* at 277; *Berg v. U.S. Parole Commission,* 735 F.2d 378, 379 n. 3 (9th Cir.1984). Moreover, Plaintiff may file another Petition for Writ of Habeas Corpus in the California Superior Court and/or appellate court that is supported by the "final written documentation" of the parole revocation hearing, after he receives that documentation. Therefore, Plaintiff is afforded a remedy that is available in a future petition for writ of habeas corpus. As a result, Plaintiff fails to meet at least two elements required to allege a claim for denial of access to the courts. Consequently, Defendants' Motion to Dismiss in this regard is GRANTED. Plaintiff is given leave to amend his Complaint to cure the deficiencies therein as noted by the Court.

### 2. *Right to File a Lawsuit*

Plaintiff claims that he has been unable to file a lawsuit for assault against a correctional officer because the BPT did not return to him two witness statements that he presented at his parole revocation hearing. Defendants argue that Plaintiff admitted that he did not file the lawsuit because he feared retaliation from correctional officers and that he, in fact, filed the lawsuit against the correctional officer.

■ Plaintiff's Complaint clearly alleges that Plaintiff did not file a lawsuit against a correctional officer for fear of retaliation

from correctional officers. Plaintiff's Complaint states in pertinent part: "(The correctional officer) was lying to justify his unprovoked attacking and assaulting me (upcoming lawsuit to be filed after paroled due to safety issues with peace officers.)" (Complaint at 4). Here, Plaintiff's allegations establish that he did not file the lawsuit against a correctional officer who allegedly assaulted him because he feared retaliation for filing the lawsuit. However, Plaintiff fails to allege any acts of any correctional officer that prevented him from filing the lawsuit, or that a remedy is not available to him in a future lawsuit against the correctional officer who allegedly assaulted him.

Moreover, Plaintiff, in fact, filed the lawsuit he alleges he could not file. The Court's records reflect that on the same day that Plaintiff filed the instant lawsuit (June 22, 2007), Plaintiff also filed another lawsuit against the correctional officer who allegedly assaulted him. (U.S. District Court, Southern District of California, Case No. 07–1142, Doc. # 1). On June 5, 2008, the Court dismissed that lawsuit for failure to prosecute. (U.S. District Court, Southern District of California, Case No. 07–1142, Doc. # 8).

Therefore, since Plaintiff filed a lawsuit against the correctional officer who allegedly assaulted him, his claim that he has been denied access to the courts is belied by the Court's records. Consequently, the Court concludes that Plaintiff did not lose the opportunity to present to the Court his claim regarding the alleged assault. As a result, Plaintiff was not denied access to the courts with regard to the lawsuit for assault. Defendant's Motion to Dismiss in this regard is GRANTED.

## VI

### CONCLUSION

The Court, having reviewed Defendants' Motion to Dismiss and Plaintiff's Opposition to the Motion to Dismiss, HEREBY GRANTS Defendants' Motion to Dismiss with leave to amend.

If Plaintiff wishes to further pursue this litigation, he shall file a First Amended Complaint that addresses the deficiencies in his Complaint as noted in this Order. The First Amended Complaint shall be filed on or before *October 13, 2010.* If Plaintiff does not file a First Amended Complaint on or before the date noted above, the Court shall dismiss this action in its entirety.