**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARVEY WILLARD MERRIWEATHER, | No. 09-16481 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01977-JFM |
| v. | MEMORANDUM[*] |
| UNITED STATES PAROLE COMMISSION, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John F. Moulds, Magistrate Judge, Presiding [**]

Submitted October 19, 2010[***]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Harvey Willard Merriweather, a federal prisoner, appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment denying his petition for a writ of mandamus to compel the United States Parole Commission (USPC) to dismiss a parole violator warrant lodged as a detainer. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's denial of mandamus relief, and review de novo whether the requirements for mandamus relief have been met. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003). We affirm.

The district court properly concluded that the USPC did not violate Merriweather's due process rights because he is not entitled to a hearing until the parole violator warrant is executed. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976) (execution of the warrant is the "operative event triggering any loss of liberty attendant upon parole revocation"); *Smith v. U.S. Parole Comm'n*, 875 F.2d 1361, 1364 (9th Cir. 1989) (USPC has the sole authority to decide when a parole violation warrant will be executed). Further, Merriweather is not entitled to relief for delay in the conduct of the dispositional review of the parole detainer, because he has received such review and has not shown prejudice or bad faith. *See Poynor v. U.S. Parole Comm'n*, 878 F.2d 275, 277 (9th Cir. 1989). Accordingly, denial of Merriweather's petition was proper.

Merriweather's remaining contentions are unpersuasive.

**AFFIRMED.**