Paul S. WASYLAK

v.

Richard THORNBERG, United States
Attorney General, et al.

Civ. No. 90–352–L.

United States District Court,
D. New Hampshire.

Aug. 6, 1990.

Geiger & Heiser by Glenn G. Geiger, Jr.,
Penacook, N.H., for petitioner.

ORDER

LOUGHLIN, Senior District Judge.

Petitioner Paul S. Wasylak, through
counsel, has filed this petition for writ of
habeas corpus pursuant to 28 U.S.C.
§ 2241.[1]

RELEVANT FACTS

Petitioner is presently incarcerated at the
New Hampshire State Prison pursuant to a
parole violation warrant issued by the Unit-
ed States Parole Commission (Commission).
He is awaiting a parole revocation hearing.

Petitioner was convicted by a Nebraska
federal court in 1983 of interstate transpor-
tation of a stolen motor vehicle. He was
sentenced to a term of 5 years, 8 months,
14 days, beginning on March 30, 1983. On
March 30, 1984, petitioner was released on
parole with a parole termination date of
December 13, 1988.

On or about May 5, 1988, petitioner was
arrested by the Lowell, Massachusetts, po-
lice and charged with larceny. On or about
May 25, 1988, petitioner was arrested by
the Nashua, New Hampshire, police and
charged with 1) possession of a firearm by
a convicted felon, 2) receiving stolen prop-
erty, and 3) theft by deception. As a result
of these outstanding state charges, a pa-
role violation warrant was issued by the
Commission on December 5, 1988. Peti-
tioner was subsequently convicted in New

---

1. Although petitioner cites 28 U.S.C. § 2255 as
affording him a right to relief, § 2255 is re-
served for federal prisoners who wish to attack
the federal sentence for which they are impris-
oned.

Hampshire on the charge of theft and received a concurrent sentence of 3–6 years. As a result of petitioner's New Hampshire conviction, the Commission's parole violation warrant was lodged as a detainer with the New Hampshire State Prison. Petition at para. 4.

On May 2, 1990, Associate Superior Court Justice Vincent Dunn issued an order out of Hillsborough County Superior Court granting a petition for writ of habeas corpus filed by petitioner and discharging petitioner's New Hampshire sentence. *Id.* at para. 8. Due to the discharge of petitioner's sentence, jurisdiction over his person was transferred to the United States Marshal's Office in Concord, New Hampshire, on or about June 8, 1990. *Id.* at para. 9.

### ISSUE

Is petitioner in custody in violation of his due process rights under the United States Constitution?

### DISCUSSION

#### 1. Right to a Preliminary Hearing

■ When a federal parolee is alleged to have violated his parole, the Commission may "issue a warrant and retake the parolee." 18 U.S.C. § 4213(a)(2). A parolee, upon being retaken pursuant to § 4213, is entitled to "a preliminary hearing ... without unnecessary delay, to determine if there is probable cause to believe that he has violated a condition of his parole". 18 U.S.C. § 4214(a)(1)(A). However, when a federal parolee, while on parole, is arrested by state officials and charged with a state crime, the Commission may issue a warrant and at the same time postpone retaking the parolee until after resolution of the state charges. *See D'Amato v. U.S. Parole Com'n*, 837 F.2d 72, 75–76 (2d Cir.1988). If the parolee is subsequently convicted on the state charge, the conviction constitutes

probable cause to believe that a parole violation has occurred and the need for a preliminary hearing evaporates. 18 U.S.C. § 4214(b)(1) and 28 C.F.R. 2.48(f). *See Moody v. Daggett*, 429 U.S. 78, 86 n. 7, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976).

Petitioner Wasylak indicates that his New Hampshire sentence was discharged by order of the Hillsborough County Superior Court on May 2, 1990. Petition at para. 8. Petitioner does not claim that his New Hampshire conviction was overturned.[2] Accordingly, petitioner is not entitled to a preliminary hearing pursuant to § 4214(a)(1)(A), and petitioner's New Hampshire conviction constitutes probable cause to believe that petitioner has violated the conditions of his parole.

#### 2. Right to a Revocation Hearing

■ The conditional freedom that a parolee enjoys is a liberty interest that cannot be terminated absent due process safeguards. *Morrissey v. Brewer*, 408 U.S. 471, 481–82, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Accordingly, parolees are entitled to a revocation hearing "within a reasonable time" after being taken into custody. *Id.* at 488, 92 S.Ct. at 2603. However, when, as in the present case, the parolee is in custody due to an intervening conviction, he is not entitled to a prompt revocation hearing. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). It is constitutionally permissible for the Parole Commission to issue a parole violator warrant and lodge it, unexecuted, as a detainer. *Id.* at 87, 97 S.Ct. at 278. It is the retaking of the prisoner upon execution of the warrant that triggers the right to a prompt revocation hearing "for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Id.* at 87, 97 S.Ct. at 278; *D'Amato*, 837 F.2d at 76.

---

**2.** Even if petitioner's conviction was overturned, this occurrence would not necessarily require the Commission to schedule "a preliminary hearing without unnecessary delay" pursuant to 18 U.S.C. § 4213(a)(2). A prompt preliminary hearing would only be required if "as a matter

of law the acquittal of the state charges removed *all* factual support" underlying the conviction. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989) (emphasis in original); *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir.1977).

Petitioner claims that pursuant to 28 C.F.R. § 2.47(b) he is entitled to a revocation hearing upon completion of 24 or 26 months of confinement on the New Hampshire conviction, depending upon which re-parole guidelines apply. Petition at para. 13. Petitioner argues that since he has already been confined in excess of 26 months[3] his revocation hearing is overdue. *Id.* Petitioner's reliance on 28 C.F.R. § 2.47(b) is erroneous. The provision of 28 C.F.R. § 2.47(b) that petitioner relies on was formally amended on May 8, 1987. *See* 52 FR 17398. Section 2.47(b) as it appears today leaves it to the discretion of the Commission whether to hold a revocation hearing before the parolee is retaken into federal custody. *See* 28 C.F.R. § 2.47(c)(i)-(iii).

The warrant issued against petitioner Wasylak was lodged as a detainer in the New Hampshire State Prison on or about April 17, 1989. Petition at para. 4. "Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant." *Heath v. United States Parole Com'n,* 788 F.2d 85, 91 (2d Cir.1986) (citing cases). Petitioner indicates that he was transferred to the "jurisdiction" of federal officials on or about June 8, 1990. Petition at para. 8–9. The Court takes this to mean that *custody* of petitioner was transferred on or about June 8, 1990. Title 18 U.S.C. § 4214(c) provides that an alleged parole violator shall receive a revocation hearing within ninety days of being retaken into custody. *Sutherland v. McCall,* 709 F.2d 730, 732 (D.C.Cir.1983). The ninety-day provision was cited with apparent approval in *Moody,* 429 U.S. at 86 n. 8, 97 S.Ct. at 278 n. 8. Accordingly, under § 4214(c) petitioner's revocation hearing need not be held until September 8, 1990.[4] It necessar-

ily follows that petitioner's due process rights have yet to be violated.

## CONCLUSION

Having reviewed petitioner's application for a writ of habeas corpus as required by 28 U.S.C. § 2243, it plainly appears from the application that petitioner is not entitled to relief. Therefore, under the reasoning set forth above, the Court finds that petitioner's application for a writ of habeas corpus must be denied.

SO ORDERED.

---

**3.** Petitioner has been in custody on the New Hampshire charges since May 6, 1988. Petition at para. 2.

**4.** Even if the Commission had denied petitioner a timely revocation hearing, habeas corpus relief is not the proper remedy absent some showing that the delay was both unreasonable and prejudicial. *Poynor v. U.S. Parole Com'n,* 878 F.2d 275, 277 (9th Cir.1989); *Vargas v. U.S.*

*Parole Com'n,* 865 F.2d 191, 194 (9th Cir.1988). However, delay in holding the revocation hearing is grounds for a writ of mandamus to compel compliance with § 4214(c). *Poynor,* 878 F.2d at 277. While petitioner may be able to demonstrate unreasonableness and prejudice, he cannot attempt to do so via a writ of habeas corpus until the statutory deadline for holding a revocation hearing has passed.