Davis v. Warden, NH State Prison        CV-95-550-JD  01/11/96
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


<u>Lester Davis</u>

        v.                                  Civil No. 95-550-JD

<u>Warden, N.H. State Prison</u>


                            O R D E R


     The pro se petitioner, Lester Davis, an inmate at the New

Hampshire State Prison, has filed the instant petition for a writ

of habeas corpus under 28 U.S.C. § 2255.  For the following

reasons, the court denies the petition.


                          <u>Background</u>[1]

     The petitioner has been incarcerated at the New Hampshire

State Prison since April 9, 1993.  He is serving two concurrent

state sentences of 3-7 years and 3-8 years, respectively.

     On June 10, 1993, the United States Marshal's Service issued

a detainer warrant against the petitioner which remains in

effect.[2]  Since that time the federal government has taken no

action relative to the warrant.

_____

     [1]The court's recitation of the facts relevant to this order
is drawn from those facts alleged in the petition.

     [2]The court notes that the copy of the detainer warrant
appended to the petition is dated June 14, 1993, and indicates
that the parole violation warrant was dated on June 10, 1993.

The plaintiff expects to be released from state prison in approximately May, 1996. However, the existence of the federal detainer warrant has barred him from participation in the pre-release programs offered at the state prison.

## Discussion

The petitioner's pro se status requires the court to hold his petition to a less stringent standard than pleadings drafted by attorneys. Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

The petitioner requests the court to "schedule a parole revocation hearing as mandated by Morrissey v. Brewer, 408 U.S. 471 (1972)" in a manner consistent with the procedures of the U.S. Parole Commission. The petitioner also has filed a photocopy of a law review article in which he has highlighted a footnote citation to 28 C.F.R. § 247(b)(1)(i) (1990) (describing Parol Commission procedures) and, as such, the court understands the petition to allege a violation of that regulation as well.

The petitioner has requested relief under 28 U.S.C. § 2255, which provides in part that

> [a] prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United

2

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In general, 28 U.S.C. § 2255 is available only to attack a sentence under which a prisoner is in federal custody. E.g., Horning v. United States, No. 95-287-L, slip op. at 3-4 (D.N.H. July 7, 1995).[3]

---

[3]Some federal jurisdictions treat § 2255 challenges involving parole procedures as habeas petitions under 28 U.S.C. § 2241. See United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994) (petition contesting, inter alia, failure to proceed with parole revocation hearing "more properly construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241 because [petitioner] is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence."); Foster v. United States Parole Comm'n, 515 F. Supp. 541, 543 (S.D. Ohio 1981) (petition seeking, inter alia, a hearing on federal detainer warrant considered under 28 U.S.C. § 2241); Wasylak v. Thornberg, 744 F. Supp. 387 n.1 (D.N.H. 1990). Given this authority and the forgiving standard applied to pro se pleadings, the court also has considered the instant petition as requesting a writ of habeas corpus under 28 U.S.C. § 2241. However, the court finds that, for the reasons discussed infra, Davis' petition fails regardless of which habeas statute is asserted.

3

"A detainer is 'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.'" Reed v. Farley, 114 S. Ct. 2291, 2294 n.1 (1994) (quoting Carchman v. Nash, 473 U.S. 716, 719 (1985)).  The detainer at issue is of the latter variety, requesting the New Hampshire State Prison warden that

> [w]hen the subject is to be released from your custody, please notify this office at once so that we may assume custody if necessary.  If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at time of transfer and advise this office.

The "detainer merely asked the state authorities to notify the [federal authorities] when the [petitioner] was released from state custody; it d[oes] not and could not require the [state prison] to" actually undertake certain conduct.  See Hegwood v. United States Parole Comm'n, No. 88-C-10444, 1990 WL 92880 (N.D. Ill. June 26, 1990).  As the Supreme Court has observed, "when two autonomous jurisdictions are involved, as for example when a federal detainer is placed against an inmate of a state institution, a detainer is a matter of comity." Moody v. Daggett, 429 U.S. 78, 80 n. 2.

Because "habeas corpus relief is not limited to immediate release from illegal custody . . . [,] the writ is available as

4

well to attack future confinement and obtain future releases." Rose v. Morris, 619 F.2d 42, 43 (9th Cir. 1990) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). Thus, under certain circumstances a detainer warrant could constitute "sufficient 'custody' to confer habeas corpus jurisdiction." Id. (where state issued detainer warrant against federal prisoner) (citations omitted). However, "[e]ven if the [parole] Commission ha[s] denied petitioner a timely revocation hearing, habeas corpus relief is not the proper remedy absent some showing that the delay was both unreasonable and prejudicial." Wasylak v. Thornberg, 744 F. Supp. 387, 389, n.4 (D.N.H. 1990) (citing Poynor v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Vargas v. United States, 865 F.2d 191, 194 (9th Cir. 1988)); see Petersen v. Attorney General, No. 90-35099, 1992 WL 184344 at *3 (9th Cir. Aug. 4, 1992) ("to justify habeas corpus relief because of delay in the conduct of a dispositional review of a parole detainer, the petitioner should show that he was prejudiced by the delay.") (also citing Poynor, 878 F.2d at 276). This interpretation is in substantial accord with that of the Second Circuit and several other circuits, each of which "have also predicated habeas relief upon a showing of prejudice or bad faith." Heath v. United States Parole Comm'n, 788 F.2d 85, 89

5

(2d Cir.) (citing cases of the third, fifth, tenth, eleventh and D.C. circuits), cert. denied, 479 U.S. 953 (1986).

In this case the petition has not asserted bad faith. However, fairly read, the petition asserts that the deprivation of a proper hearing process on the detainer has prejudiced Davis' ability to participate in the state-sponsored pre-release programs. Assuming the veracity of the petitioner's allegations, the court recognizes that the pendency of the federal detainer may have, in a very real sense, negatively affected his living conditions during the final months of his state prison sentence. Nonetheless, such prejudice results from the state conviction and incarceration and is not properly attributed to the federal detainer process. See Heath, 788 F.2d at 90 (citing generally Spotted Bear v. McCall, 648 F.2d 546, 547-48 (9th Cir. 1980) "(effect of federal detainer on the inmate's eligibility for rehabilitative programs was prejudicial, but this prejudice resulted from the inmate's state conviction, not delay in holding a revocation hearing)"). This view reflects Congress' intent that the remedy for the "Commission's failure to comply with statutory time limits [should] not [be] release from confinement." Heath, 788 F.2d at 89 (quoting 122 Cong.Rec. S2572, 2573 (daily ed. March 2, 1976) (statement of Sen. Burdick); citing 122 Cong.Rec. H1499, 1500 (daily ed. March 3,

6

1976) (statement of Rep. Kastenmeier)); see also Poynor, 878 F.2d at 276.

Assuming the veracity of the petitioner's allegations, the court finds that as a matter of law the petitioner is not entitled to habeas relief for the statutory and constitutional violations alleged. Given this finding, the court need not determine whether the federal government's conduct has in fact failed to comport with the law and procedures applicable to detainer warrants, such as 28 C.F.R. § 247.[4]

---

[4]The petitioner should note that the dismissal of the instant petition does not necessarily leave him without a remedy for the violations he alleges. First, to the extent that the parole commission or other federal authorities have failed to comply with legally required procedures to the petitioner's detriment, the petitioner may be entitled to a writ of mandamus or other equitable relief. See, e.g., Heath, 788 F.2d at 89 ("If for some reason [the Commission is] unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under the existing section 28 U.S.C. 1361, which is an action in mandamus to compel an employee of the United States to perform his duty.") (quoting 122 Cong.Rec. H1499, 1500 (daily ed. March 3, 1976) (statement of Rep. Kastenmeier)); Lambert v. Warden, 591 F.2d 4, 7-8 (5th Cir. 1979) (per curiam) (petitioner entitled to mandamus relief and order of sanctions against non-complying officials but not entitled to habeas relief where Commission failed to comply with statutory time limits); Wasylak, 744 F. Supp. at 389, n. 4 ("delay in holding revocation hearing is grounds for a writ of mandamus to compel compliance").

Second, the petitioner may file a new petition for a writ of habeas corpus if the circumstances surrounding his custody become such that the conduct complained of would entitle him to habeas relief.

<u>Conclusion</u>

The court finds that the petition and supporting materials conclusively show that the prisoner is entitled to no relief. Accordingly, the court need not cause notice to be served upon the United States attorney under 28 U.S.C. § 2255. The petition is dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

January 11, 1996

cc: Lester Davis, pro se

8